08-4956-ag
Duka v. Holder

BIA
A095 149 726

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of January, two thousand ten.

PRESENT:
>        JON O. NEWMAN,
>        ROBERT D. SACK,
>        DEBRA ANN LIVINGSTON,
>                *Circuit Judges.*

_____

SHKELQIM DUKA,
>        *Petitioner,*

>        v.                                        08-4956-ag
>                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*

_____

---

*    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, New York.

**FOR RESPONDENT:**     Michael F. Hertz, Acting Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shkelqim Duka, a native of the former Yugoslavia and a citizen of Macedonia, seeks review of a September 30, 2008 order of the BIA denying his motion to reopen. *In re Shkelqim Duka*, No. A095 149 726 (B.I.A. Sept. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Duka's motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Duka's second motion to reopen was untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limitation for filing a motion to reopen if it is

"based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  The BIA reasonably found that Duka's motion to reopen did not qualify for such an exception.

In determining that Duka failed to demonstrate that country conditions in Macedonia had materially worsened, the BIA extensively considered the 2007 U.S. Department of State's report on Human Rights Practices in Macedonia ("2007 Report") and reasonably found that the report demonstrated that although discrimination against ethnic minorities continued, overall ethnic tensions had decreased and the Macedonian government had taken steps to improve rights for minorities.  Moreover, contrary to Duka's assertion that the BIA violated his due process rights by failing adequately to consider a report from Dr. Bernd J. Fischer, the BIA acknowledged Dr. Fischer's report and reasonably found that it did not portray a situation in Macedonia different from the 2007 Report.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the Court does not

3

"attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"). Furthermore, the BIA did not err in declining to credit Dr. Fischer's ultimate conclusion that there was a reasonable possibility that Duka would face "persecution in the form of a threat to his safety" because that conclusion was based in part on Duka's assertion that he had been detained and beaten in the past – a claim that was deemed not credible in his underlying proceedings. *See Kaur*, 413 F.3d at 234 (concluding that the BIA did not err in finding petitioner's evidence not material because it did not rebut the agency's underlying adverse credibility determination); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).

Accordingly, the BIA did not abuse its discretion in denying Duka's motion to reopen. *See* 8 C.F.R. § 1003.2(c); *see also Kaur*, 413 F.3d at 234. Finally, because Duka had filed an untimely and number-barred motion to reopen his removal proceedings, the BIA was under no obligation to consider separately his eligibility for CAT relief. *See* 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____